UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**NEIL BAKER**,

    Plaintiff,                               HON.

v.                                                 Case No.:

**PRIES SUPPLY COMPANY,
INC**. and **TOM VANDER PLOEG**,
Individually and Personally,

    Defendants.
_____/
Katherine Smith Kennedy (P54881)
Pinsky, Smith, Fayette & Kennedy, LLP
Attorneys for Plaintiff
146 Monroe Center Street NW, Ste 805
Grand Rapids, MI 49503
(616) 451-8496
kskennedy@psfklaw.com
_____

## COMPLAINT AND JURY DEMAND
_____

### COMPLAINT

    Plaintiff Neil Baker, by and through his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, hereby represent:

                    A.    **Nature of Proceedings**

    1.    Plaintiff Neil Baker (hereafter "Plaintiff") was an employee of Pries

Supply Company, Inc. (hereafter "Pries" or "Defendant") and Tom Vander Ploeg (hereafter "VanderPloeg").   Plaintiff brings this action for:

    (a)    Unpaid wages, overtime compensation, liquidated damages, and attorney's fees and costs under §16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b), referred to hereinafter as the "Act"; and,

    (b)    Retaliatory discharge under Section 215(a)(3) of the Act of 1938, 29 U.S.C. §215(a)(3).

## B. Jurisdiction

2.    Jurisdiction of this action is based on '16(b) of the Act (29 U.S.C. §216(b) and 28 U.S.C. §1337).

3.    The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1331.

4.    Venue is proper within this judicial district under 28 U.S.C. §1391(b) and 28 U.S.C. '1392(a).

## C. Parties

5.    Plaintiff was an employee of Defendants.   Plaintiff resides within the Western District of Michigan. Defendant Preis' principle place of business is within the Western District of Michigan, and Defendant Vander Ploeg resides within the Western District of Michigan.

6.    Defendant Vander Ploeg was at all material times of this Complaint an employer pursuant to the provisions of 29 U.S.C. §203(d), and was a decisionmaker

regarding the pay, duties and hours of the Plaintiff.

7.      Defendant Pries Supply Company, Inc. was at all relevant times an employer pursuant to the provisions of 29 U.S.C. §203(d) and (e).

### D. Cause Of Action

8.      Plaintiff incorporates paragraphs 1 - 7 as though set forth herein.

9       Plaintiff began his employment with Defendants for all times relevant to this complaint from September 13, 2013 – September 17, 2018.

10.     Plaintiff installed gutters on homes and businesses for Defendants. Plaintiff's work duties were those of a laborer; loading trucks with product, driving to and from various cities, unloading product, installing and inspecting product.

11.     Plaintiff was paid for some of his work by "piece rate" at a rate of .53 per piece.   If he had others working with him the employees would split the piece rate.   Plaintiff was paid $20.00 for some hours, was not paid anything for some compensable travel hours, and not paid anything for some hours loading or unloading product, paid for some hours travelling and not others, and not paid for waiting time during bad weather or otherwise.   Plaintiff was given bonuses sometimes but not others.

12.     Plaintiff often worked many hours over 40 in a work week yet was never paid for his overtime hours and not at the required rate. He was not paid at time and one half for his overtime, nor were any of the bonuses added to his overall pay to determine his "regular rate of pay."

13. Plaintiff estimates he is owed at least $15,000 in back wages for unpaid and underpaid hours worked.

14. Plaintiff discussed with Defendant Vander Ploeg several times that the employer should be paying for all of their hours worked and at a time and a half rate over 40 hours.  He specifically told Defendant Vander Ploeg several times that his pay practices were illegal, as recently as a couple weeks before he was terminated in September of 2018.  Defendant Vander Ploeg stated to Plaintiff that because several other employees were complaining about not getting paid legally, that he was terminating Plaintiff as he believed it was Plaintiff that urged them to complain.

15. Plaintiff has suffered economic damages as well as compensable mental and emotional distress due to the discharge.

## COUNT I
## FLSA

16 Plaintiff incorporates paragraphs 1 -15 as through set forth herein.

17. During Plaintiff's employment, Defendants employed Plaintiff in commerce for many work weeks longer than 40 hours, and have failed and refused to compensate Plaintiff appropriately for such work in excess of 40 hours and at one and one-half times the regular rate at which he was employed, contrary to the provisions of §7(a) of the Act (29 U.S.C. §207 (a)).  Defendants also failed to pay Plaintiff at all for certain travel, loading, unloading and waiting time.

18. Plaintiff estimates that the sum of back wages due exceeds $15,000.00.

19. Defendants' failure to pay Plaintiff's wages and overtime compensation as aforesaid was willful within the meaning of §55(a) of the Act (29 U.S.C. §255(a)) and not in good faith within the meaning of §11 of the Portal to Portal Pay Act (29 U.S.C. '260).

20. Based on the foregoing, Defendants have violated §6 and §7 of the Act (29 U.S.C. §206, §207) entitling Plaintiff to the compensation set forth in §16(b) of the Act (29 U.S.C. §216 (b)).

21. Because Defendants' violation of the Act was not in good faith within the meaning of §11 of the Portal to Portal Act (29 U.S.C. §260), Plaintiff is entitled to liquidated (double) damages under §16(b) of the Act (29 U.S.C. §216(b)).

## COUNT II
## RETALIATION AND WRONGFUL DISCHARGEUNDER '215(a)(3)

22. Plaintiff incorporates paragraphs 1 – 21 as through set forth herein.

23. Plaintiff engaged in the protected activity of complaining about the illegality of Defendants' pay practices to Defendant Vander Ploeg.

24. Defendants violated Section 215(a)(3) of the Act, 29 U.S.C. §215(a)(3), in that they terminated Plaintiff based on his protected conduct.

25. Plaintiff has lost income and suffered mental and emotional distress damages due to the illegal termination.

## Relief

WHEREFORE, Plaintiff requests

a. Judgment against Defendants in the amount due for wages, overtime compensation and liquidated damages;

b. Judgment against Defendants in the amount due for compensation lost wages due to the wrongful discharge, together with interest and liquidated damages.

c. Award to Plaintiff for losses sustain due to wrongful discharge for retaliation, as well as emotional distress and mental anxiety associated with the wrongful discharge, and punitive damages.

d. Award to Plaintiff for costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act of 1938 as amended, and the Michigan Wages and Fringe Benefits Act; and

f. Any and all other awards to Plaintiff as this Court determines.

                PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                Attorneys for Plaintiff

Dated: January 17, 2019    By  */s/ Katherine Smith Kennedy*
                                       Katherine Smith Kennedy (P-54881)
                                       146 Monroe Center St NW, Suite 805
                                       Grand Rapids, MI   49503
                                       (616) 451-8496

# JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP and hereby demands a trial by jury of the entitled matter.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

Dated:   January 17, 2019        By   */s/ Katherine Smith Kennedy*
                                     Katherine Smith Kennedy (P-54881)
                                     146 Monroe Center St NW, Suite 805
                                     Grand Rapids, MI   49503
                                     (616) 451-8496